Second District Court of Paterson.

LION'S HEAD LAKE, PLAINTIFF, v. BRZEZINSKI, DEFENDANT.

Decided August 17, 1945.

For the plaintiff, *Louis J. Greenberg.*

For the defendant, *Samuel Rosenfeld.*

Silberman, D. C. J. Plaintiff corporation is the owner of a lake development. Defendant agreed in writing to purchase a tract of land for $740. She paid $100 down and was required to pay the balance and other charges by installments. Defendant defaulted in her payments and this action seeks to recover the unpaid balance of several items presently due of $270.61.

The contract is very elaborate and contains varied provisions as to use, enjoyment and occupancy but all of them

are related to the maintenance of a general scheme generally contemplated in such resorts. One of the conditions is attacked and of that, more hereafter.

There is no dispute on the facts and the matter has been submitted on a stipulation of facts made up of the allegations in the state of demand supported by briefs presented by counsel. The single question of law is raised by defendant and the entire matter rests upon its solution.

It is contended that the contract is void and against public policy because by one of its terms, the purchaser is restrained from making a sale or permitting use or occupancy to or by any person not a member of the Caucasian race; and further, that such restraint upon general alienation or occupancy is of such discriminatory character that it renders the contract illegal and void upon constitutional grounds forbidding discrimination.

It thus appears that the condition imposed is a promissory restraint upon the purchaser as contrasted with a forfeiture restraint. When defendant made the contract of purchase she was fully aware of its terms and for all that appears may have been induced by this very provision. There is no rule of law which prohibits private persons from agreeing among themselves to restrict the sale or use of property and to thus qualify the power of alienation where the state has not by its declared public policy forbidden such type of restriction. The avoidance of unpleasant racial and social relations and the stabilization of the value of land which results from the enforcement of the exclusion policy are regarded as outweighing the evils which normally result from a curtailment of the general power of alienation. *"Restatement of the Law," A. L. I., Title, Property, No.* 406, *comment* (1).

In New Jersey the legislature has clearly evidenced and forcibly declared our public policy against the elimination of discriminatory practices on many and varied subjects. At the last session it enacted a series of laws designed to effectuate that policy as respects civil rights and jury service, *Pamph. L.* 1945, *ch.* 168; *N. J. S. A.* 10:1–3, 10:1–6, 10:1–8, fair employment practices, chapter 169, *N. J. S. A.* 18:25–1, *et seq.,* public works, chapter 171, *N. J. S. A.* 10:2–1,

schools, chapter 172, *N. J. S. A.* 18:14–2, hospitals, chapter 173, *N. J. S. A.* 30:9–17, and employment in defense industries, chapter 174, *N. J. S. A.* 10:1–10, 10:1–11. But it has not yet declared that restrictions governing ownership or occupancy of private property should be forbidden or eliminated as one of the evils requiring a remedy. It may be that the elimination of all discriminatory practices against all races and of all peoples is a goal which some day may yet be attained in a democracy like ours, but until the legislature, the supreme law making power acts in the matter, it is not within the power or competence of the courts to do so. *Jus dicere non jus dare.*

It has long been held and supported by the weight of authority, that restrictions upon alienation or use of property imposed by agreement of the owners or assumed by covenant in a deed, which excludes a particular race or social group, are not violative of constitutional provisions against discrimination or equal protection of the laws for the reason that such constitutional prohibitions are intended as protection against arbitrary action of the legislature and not affecting the action of private parties. *Meade* v. *Dennistone,* 173 *Md.* 295; 196 *Atl. Rep.* 330; 114 *A. L. R.* 1227.

It is quite clear that the plan in this case which permits alienation or occupancy by a specified race and thus excludes other races, is not against public policy, is not an unlawful restraint against general alienation and does not offend any constitutional prohibitions.

Under all the circumstances, the defense asserted is untenable and plaintiff should have judgment for the sum of $370.61 together with interest and costs. Let judgment be entered accordingly.

Respective counsel waived notice by registered mail.